## PHILLIPS *v.* REAGAN.

An actual levy upon the goods which are the subject matter of the adverse claim is not necessary to a sheriff's interpleader.

Error to the Court of Common Pleas of Schuylkill Co.

Opinion delivered March 9, 1874, by

SHARSWOOD, J.    Under the ninth section of the act of April 10th, 1848, Pamph. L. 450, it is not necessary to a sheriff's interpleader that there should have been an actual levy upon the goods which are the subject matter of the adverse claim. The words of the act are, when any

such claim has been or shall be made to any goods or chattels taken or "entitled to be taken in execution." The English Statute of 1 and 2 Will. 4, c. 58, s. 6, from which our act seems to have been copied, provides, " When any such claim shall be made to any goods or chattels taken or intended to be taken in execution." In Day *v.* Carr, 7 Exch. Rep. 883, 16 Eng. Law and Eq. Rep. 578, it was held by the court of Exchequer, that no actual seizure or levy upon the goods was necessary. "The Interpleader Act," said Pollock, C. B., "clearly empowers the sheriff to apply to the court, if he goes with the intention of levying under a fi. fa. and a claim is set up to the goods; and in many cases he may be well justified in applying to the court before he perils himself by an actual seizure, under circumstances which might perhaps subject him not only to an action for the value of the goods, but also for damages for taking them." The statute requires an intention in the sheriff, and therefore when he withdraws from the possession upon an adverse claim he is not entitled to be relieved: Nolton *v.* Guntrip, 3 M. & W. 145. Our act is even broader than the English statute, by substituting the word "entitled" for the word "intended." There is great reason why, when the goods of one man may be taken under an execution against another, that an actual levy should not be necessary. Every purpose of the act may be accomplished without it. Especially is this so when the goods are in the actual possession, not of the defendant in the execution, but of the adverse claimant. A very serious injury might be done to such a party by closing his store and putting a watchman in charge, even for the short period of time necessary to procure the order of the court for the interpleader.

It may be that upon the rule by the sheriff calling upon the parties to interplead, the plaintiff in the execution may insist, for his own security, upon an actual levy and inventory. That seems to have been the case in Baron *v.* McMackin, in the District Court of Philadelphia, 1 Troubat & Haly, 723–4. The dictum there was upon such a rule. But surely the claimant in whose possession the goods are has no such right. He is called upon to maintain or abandon his claim, and if he maintains it and gives bond he retains the possession, and if he abandons, a levy must follow. When an issue is formed to try the property under the order of the court, all questions as to the right of the sheriff to relief are concluded by the order, and the parties go to trial simply upon the issue awarded. We think, therefore, that the learned judge below fell into an error in directing a verdict for the plaintiff in the issue because there had been no actual levy. The other errors assigned do not need to be noticed. We think the rulings upon points of evidence were correct.

Judgment reversed and venire facias de novo awarded.